**ZHENGSHAN WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–6409–ag.

United States Court of Appeals,
Second Circuit.

May 22, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. MCLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Zhengshan Wang, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Sandy K. Hom's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews an IJ's decision directly when the BIA affirms that decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ We find that the IJ's adverse credibility determination is not supported by substantial evidence. The IJ based his adverse credibility finding, in part, on testimony from the most recent hearing that was "internally inconsistent regarding when [Wang] had discovered his wife had been taken by the authorities." The IJ did not cite to any specific statements that he found to be inconsistent, and a reading of this relevant section of the transcript does not reveal any inconsistent statements. The IJ also based the finding on purported inconsistencies regarding when and where Wang met his wife at the hospital. Again, the IJ did not point to what these inconsistencies were, and they are not apparent from reading the transcript. Finally, the IJ noted Wang's "inconsistent" statements regarding his wife's return home from the hospital, but the IJ again failed to provide any indication as to how this testimony was inconsistent. Moreover, there was insufficient testimony during Wang's first hearing to conclude that he was inconsistent. Wang testified only that his wife was hospitalized for a period after the sterilization procedure, but he did not state whether she remained in the hospital after the procedure or whether she was readmitted at a later date. Because there were no follow-up questions, and because Wang's testimony at his second hearing did not conflict with his initial testimony, the IJ's reliance on this factor is not supported by substantial evidence.

The IJ's vagueness finding is also not supported by substantial evidence. While the vagueness of testimony may be an independent basis for denying a claim irrespective of credibility, it is proper only where the testimony does not identify facts

corresponding to each of the elements on which the applicant has the burden of proof. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003). The IJ's statements that Wang's testimony was too vague were erroneous because Wang did provide testimony that he was eligible for asylum based on the coerced sterilization of his wife.

Lastly, we agree with Wang that the IJ's corroboration requirements were erroneous. First, the IJ rejected Wang's medical documents because they did not state with certainty which of Wang's two x-rays they were based on. Wang was never given an opportunity during the hearing to provide an explanation or to obtain additional documentation to clarify the IJ's concerns. Moreover, the U.S. doctor's report *does* specify a file number, presumably corresponding to the x-ray that she reviewed. The report from the doctor in China also refers to this same identification number, 113498. Second, the IJ was concerned that Wang did not have his mother-in-law submit a letter in support of his claim, especially considering that she had personal knowledge of Wang's wife being taken for sterilization. This one missing document is not a sufficient basis on which to deny Wang's claims, especially considering the letter from his wife explaining that she had been sterilized. Accordingly, the reasons for the IJ's denial of relief are not supported by substantial evidence, and the case is remanded for further consideration of Wang's asylum, withholding of removal, and CAT claims.

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).